# United States District Court
## Eastern District of Missouri

UNITED STATES OF AMERICA
v.

SAUL VILLAR-MEDINA
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 4:05 CR 494 ERW

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f) a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part 1 - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21USC841(b)(1)(A)(ii)
  ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ a preponderance of the evidence that ☒ clear and convincing evidence that the potential penalty if defendant is convicted could serve as a strong incentive to flee. He is facing imprisonment for not less than 10 years and not more than life. He has strong family ties in Mexico and Argentina and he has traveled to these countries in the recent past. The nature of the instant offense involving large amounts of cocaine and marijuana pose a risk to the community. The evidence against defendant is strong in that he is heard on the wiretaps which are key to the government's proof. The strength of the evidence is a factor to be considered by the Bail Reform Act. The court has considered all of the BRA factors and finds that there are no conditions or combinations of conditions that will assure his appearance and the safety of the community. He has not rebutted the presumption of detention.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 14, 2005

/s/ Mary Ann L. Medler
*Signature of Judicial Officer*

Mary Ann L. Medler   U.S. Magistrate judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 5801 *et seq.*) (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*) or (c) Section I of Act of Sept. 15, 1980 (21 U.S.C. §955a).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

DEFENDANT: SAUL VILLAR-MEDINA

CASE NUMBER: 4:05 CR 494 ERW

**Continued**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com